KLIEBERT, Judge.
Defendant, Hubert Thomas Sr., was charged by Bill of Indictment on October 6, 1988 with one count of aggravated rape and one count of aggravated oral sexual battery; violations of LSA-R.S. 14:42 and *1350 14:43.4 respectively. On October 13, 1988 defendant was charged by Bill of Information with Molestation of a Juvenile; a violation of LSA-R.S. 14:81.2. The two victims in this matter are defendant’s grandchildren. One of the victims was a juvenile (fourteen years old) and the other was several years younger at the time of the offense.
Pursuant to a plea bargain, the charge of aggravated oral sexual battery was dismissed and the aggravated rape charge reduced to simple rape, a violation of LSA-R.S. 14:43. Defendant pled guilty. He also pled guilty as charged to molestation of a juvenile. Following a sentencing hearing, defendant was sentenced on each charge to Parish Prison for a term of six years with credit for time served. The sentences run concurrently. Defendant appeals alleging an excessive sentence. For the reasons hereinafter stated, we affirm the sentences.
Counsel for defendant argues the sentence is, in effect, a death penalty because defendant is afflicted with stomach cancer and his incarceration would preclude him from getting the necessary treatment. He suggests home incarceration under LSA-C. Cr.P. Article 894.2 would be appropriate. Article 894.2 provides:
“Home incarceration; requirements
A. Notwithstanding any other provision of law to the contrary, a defendant may be sentenced to home incarceration in lieu of imprisonment under the following conditions:
(1) The defendant is eligible for probation or was convicted of a misdemeanor or a felony punishable with or without hard labor.
(2) In felony cases, the Department of Public Safety and Corrections, through the division of probation and parole, recommends home incarceration of the defendant and specific conditions of that home incarceration.
(3) The court determines that home incarceration of the defendant is more suitable than imprisonment or supervised probation without home incarceration.
B. A defendant sentenced to home incarceration shall be supervised and may be subject to any of the conditions of probation.
C. The court shall specify the conditions of home incarceration when it imposes such sentence upon the defendant. The conditions may include any condition reasonably related to implementing or monitoring a sentence of home incarceration, including curfew, electronic or telephone monitoring, home visitation by persons designated by the court, and limitation of the defendant’s activities outside of the home.
D. The defendant shall be given a certificate setting forth the conditions of his home incarceration and shall be required to agree in writing to the conditions.
E. The court shall require the defendant to obtain employment and to pay a reasonable supervision fee to the department to defray the cost of his home incarceration supervision.
F. The court may, at any time during the period of home incarceration, modify, change, or add to the conditions of such incarceration.
G. The sentence of home incarceration shall be for a period of not more than two years in felony cases and for a period not to exceed six months in misdemeanor cases.
H. If the defendant violates the conditions of home incarceration, the court, on motion of the state or its own motion, may, after contradictory hearing modify the sentence to impose a sentence of imprisonment.
I. In the event of revocation and sentence to imprisonment, the defendant shall not receive credit for time served under home incarceration. Added by Acts 1988, No. 321, § 1.”
In State v. Phelps, 520 So.2d 1299 (5th Cir.1988), at pages 1300-01, we said:
“[1, 2] Article I, Section 20 of the Louisiana Constitution of 1974 provides in part ‘No law shall subject any person ... to cruel, excessive or unusual punishment ... ’ A sentence is excessive if it is grossly disproportionate to the severity of the crime and is nothing more than *1351 the purposeless and needless imposition of pain and suffering. State v. Davis, 449 So.2d 452 (La.1984); State v. Allen, 451 So.2d 618 (5th Cir.1984). In evaluating a sentence the appellate courts consider the punishment and the crime in light of the harm to society and gauge when the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentences. State v. Bonanno, 384 So.2d 355 (La.1980). See also State v. Davis, supra.
La.C.Cr.P. Article 894.1 provides statutory guidelines for the determination and imposition of sentences. The supreme court analyzed the function of Article 894.1 in State v. Robicheaux, 412 So.2d 1313, 1319 (1982) as follows:
‘Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones, [398 So.2d 1049 (La.1981)] supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La.1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980).’
See also State v. Allen, supra.”
Here, at the conclusion of the sentencing hearing the trial judge commented as follows:
“Hubert Thomas, entered a plea of guilty to the charge of simple rape and the charge of molestation of a juvenile.
He was originally charged by the Grand Jury with the crime of aggravated rape upon (H.T.), that was reduced to simple rape, on case 88-3227.
The second count on that Grand Jury indictment, charged him with an oral sexual battery upon (H.T.), and that was dismissed in return for his guilty plea to count 1, of the simple rape.
In other case, 88-3700, State versus Hubert Thomas, he entered a plea to molestation of a juvenile, a (T.T.) I ordered a pre-sentence report, which indicates that this defendant is 59 years of age. He is a first felony offender. During a 2 to 3 year period, from 1984 — at least through 1986, these offenses were committed. This sexual conduct involves his grandchildren; the two young girls whose names I’ve mentioned.
The victims, the 2 young girls, are currently involved in therapy. The report I have says that they have suffered tremendously, as one would expect, from this traumatic experience. As had been brought out today, this defendant suffers from cancer of the stomach. And the doctor testified about his condition today.
The Probation Office’s opinion is that a suspended sentence would deprecate the seriousness of this crime. And, I agree. This defendant currently lives in Marre-ro, at the home of one of his daughters and is presently employed by Avondale Shipyards as a machinist. I’ve considered the sentencing guidelines in Article 894.1 of the Code of Criminal Procedure.
The arguments been made by defense counsel, this will entail excessive hardship to this defendant and it will. But the seriousness of this crime prevents me from granting him a suspended sentence. I’m not going to read publicly what’s in this report about the sex acts that were involved here. But, as has been, said, they are heinous in nature involving young girls, his own grandchildren.
These crimes would carry up to 25 years with or without hard labor for the simple rape and up to 10 years for the molestation of a juvenile. At the outset of this case, in pretrial conferences, I mentioned to counsel that I was considering a sentence of, in the range of 12 years at hard labor. In view of this man’s medical *1352 condition, I’m going to sentence him to 6 years, and order that sentence to be served in the Parish Prison.”
Given the heinous nature of the crimes, the availability of parole, and the benefit received via a plea bargain, we do not find that the imposition of concurrent six-year sentences for repeated incidents of sex crimes against defendant’s grandchildren “shocks our sense of justice” and constitutes a manifest abuse of the trial court’s sentencing discretion. Moreover, in the event the treatment afforded by the Department of Corrections proves inadequate, defendant can apply to the Court for relief. Accordingly, the sentences imposed are affirmed.
We have reviewed the record for errors patent on its face and have found none.
For the foregoing reasons, defendant’s sentences are affirmed.
AFFIRMED