815 So.2d 120 (2002)
STATE of Louisiana
v.
Norman JEFFERSON.
No. 01-KA-1139.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2002.
*121 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
GOTHARD, Judge.
In this criminal matter, the State of Louisiana seeks review of the sentence imposed on defendant, Norman Jefferson. Jefferson was charged by bill of information with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967A. On June 20, 2000, defendant withdrew his previous plea of not guilty and entered a plea of guilty as charged. In conjunction with the guilty plea, defendant executed an acknowledgment and waiver of constitutional rights form, in which it was stated that defendant would receive a sentence of three years at hard labor to be served co-terminus with sentences pending in other cases. On July 10, 2000, he was sentenced to serve three years at hard labor. No objection to the sentence was lodged by the state at that time.
At some point the state filed a motion to correct an illegal sentence, alleging that defendant's three year sentence on the guilty plea was illegally lenient in that the minimum sentence for a violation of LSA-R.S. 40:967A is five years. It is impossible to tell when the motion was filed because there is no clerk's stamp on the pleading. The motion was denied on July 16, 2001, and the state noticed its intention to file a writ application with this court. However, there is no indication in the record that the matter was brought before this court. At the close of the hearing, defense counsel stated that the understanding was that defendant would receive the same three-year sentence on the multiple bill which was filed by the state. The state did not comment on that remark.
The multiple bill of information which alleged the defendant was a second felony offender filed by the state is contained in the record. Again it is not clear from the record when the multiple bill was filed because it has no clerk's stamp, but it was *122 first set for hearing on September 28, 2000. Defendant was arraigned and denied the allegations in the multiple bill on March 7, 2001.
On August 22, 2001, the court conducted a hearing on the multiple offender bill. At that time the defendant withdrew his plea of not guilty and entered a plea of guilty as a second felony offender. At the hearing on the multiple bill, the trial court made certain that the defendant understood his rights and that he voluntarily and knowingly waived them. The court accepted the guilty plea and, after vacating the original sentence, imposed a sentence of three years at hard labor on the multiple offender adjudication. At that point the state made an oral motion for appeal, which was granted.
On appeal the state argues that the defendant has received an illegally lenient sentence and asks this court to vacate the sentence and remand the matter back to the trial court. The state maintains that the trial court erred when it made a downward departure from the statutorily mandated sentence, without presenting a basis for the departure.
Defendant maintains the state is precluded from challenging the enhanced sentence on appeal because it failed to object to the sentence. Further, defendant argues in the alternative, that the sentence was part of a negotiated plea bargain.
Our first consideration is whether the issue has been preserved for appeal. We note initially that the motion to correct the illegal sentence filed by the state was only in regard to the original sentence that was vacated by the trial court before the enhanced sentence was imposed. Thus, any argument made by the state which uses the motion to correct the sentence is moot. The only sentence now imposed on the defendant is the enhanced sentence. Therefore, our review is limited to that sentence.
With regard to the enhanced sentence, the state neither filed a motion to correct the illegal sentence, nor objected to the sentence at the time it was imposed. The state merely made a motion for appeal. The ground for the appeal was not stated. We must consider whether that is sufficient to preserve the issue for appeal.
The right of the state to seek review of a sentence is set forth in LSA-C.Cr.P art. 881.2 which provides in pertinent part as follows:
B. The state may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
. . . . . .
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1 and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
LSA-C.Cr.P. art. 881.1 provides that the state or the defendant may file a motion to reconsider sentence within thirty days following the imposition of sentence. Paragraph D of article 881.1 provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Defendant herein cites the above articles for his position that the state is precluded from urging the illegality of the sentence on appeal. Defendant's argument does not *123 take into consideration the legislative enactment of LSA-R.S. 15:301.1 which reads as follows:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
Recently the Supreme Court ruled that R.S. 15:301.1 has retroactive application. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. The Williams court also considered the authority of the appellate courts to amend or order amended an illegally lenient sentence when the state did not object below or complain on appeal of the leniency. Although the procedural facts of Williams can be distinguished from the case at bar, because in the instant matter the state does complain of the sentence on appeal, we find Williams enlightening and applicable to the instant matter.
The Williams opinion called into question the line of cases represented by State v. Jackson, 452 So.2d 682 (La.1984), and State v. Fraser, 484 So.2d 122 (La.1986), and concluded that a defendant does not have a constitutional or statutory right to an illegal sentence. In this regard, the Supreme Court concluded that when an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant's constitutional rights.
In analyzing R.S. 15:301.1 the Williams court found that the provisions of paragraphs A and C were self-activating, but paragraph B requires the court or the state to move to correct the sentence. In this regard, the Supreme Court noted that paragraph B addresses sentencing restrictions other than parole, probation or suspension of sentence. Paragraph B is applicable in the instant case because the sentencing problem of which the state complains is nonconformity with statutory provisions. As we interpret Williams, the state is exempt from the need to file either a contemporaneous objection pursuant to LSA-C.Cr.P. art. 841 or a motion to reconsider sentence pursuant to LSA-C.Cr.P. *124 art. 881.1, because of the legislative enactment of R.S. 15:301.1B.[1]State v. Williams, supra at p. 11, fn. 8, 800 So.2d at 798. While the Supreme Court does not specifically refer to LSA-C.Cr.P. art 881.2 in its analysis, we find that article 881.2 must be read in conjunction with article 881.1, which is specifically mentioned. Accordingly, we consider the matter properly before us, and we will review the state's appeal.
In argument to this court, the defendant argues that the enhanced sentence was imposed pursuant to a negotiated plea agreement and cannot be disturbed. We do not agree. The record is devoid of any evidence of a plea bargain. In the waiver of rights form signed by defendant in the original plea there is an indication that the sentence would be three years. However, there is no evidence of any promise to the defendant by the state in the enhanced plea. Further, contrary to defendant's claim on appeal, there is no indication in the record that the state agreed not to file a multiple bill of information in this case. In fact, it seems from the colloquy in the first guilty plea that the court expected the state to file a multiple bill. As to the enhanced sentencing, it appears that the trial court made the decision on its own accord to impose the three-year sentence on defendant, based loosely on defendant's age of sixty-two years and frailty. For these reasons we find no plea bargain existed between the defendant and the state.
The multiple offender law, embodied in LSA-R.S. 15:529.1, provides in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction; ________________
In the instant case, the multiple bill of information recites that defendant was convicted of a felony drug charge in 1998. At the time of the second offense, the sentencing provision for the crime of possession of cocaine with the intent to distribute allowed for a "term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence" and further provided for a fine of up to $50,000.[2] Thus, the enhanced *125 sentence for this defendant, as a second felony offender, should have been a term between fifteen and sixty years of imprisonment, with the restriction that the first five years must be served without benefit of parole, probation or suspension of sentence.
In this case, the trial judge imposed an enhanced sentence of three years of imprisonment at hard labor. The sentence is clearly illegally lenient. Defendant argues in the alternative that the downward departure by the trial court was intentional and is supported by the record. We disagree.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. It is presumed that a mandatory minimum sentence is constitutional. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional. He must show he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. The absence of violent offenses in defendant's record cannot be the sole reason, or even the major reason, for declaring a mandatory minimum sentence excessive.
A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. State v. Johnson, supra, 709 So.2d at 676; State v. Neal, 00-41 (La.App. 5 Cir. 5/30/00), 762 So.2d 281, 286; writ denied, 00-2754 (La.6/15/01) 793 So.2d 1240. A deviation from the mandated sentence should only occur in rare cases. State v. Johnson, supra. If there is a finding by the trial court that an enhanced punishment mandated by the Habitual Offender Law, LSA-R.S. 15:529.1, makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the "court has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive." State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
In order for a trial court to impose a sentence below the statutory minimum it must give sufficient justification and reasons. The sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional and may only depart from the minimum sentence if it finds that there is clear and convincing evidence before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676; State v. Cushinello, 01-109 (La.App. 5 Cir. 7/30/01), 792 So.2d 926, 929. The defendant bears the burden of showing by clear and convincing evidence that he is "exceptional," that is, "because of his unusual circumstances, he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the *126 case." State v. Johnson, supra, 709 So.2d at 676; State v. Cushinello, supra, 792 So.2d at 929.
Here there are insufficient reasons or justification for the downward departure from the statutory minimum enhanced sentence. The only factors discussed were the defendant's age of sixty-two years and the fact that a kidney ailment may prevent him from doing hard time. Accordingly, we find the trial court erred in sentencing defendant to three years at hard labor on the multiple offender plea of guilty, as a downward departure from the statutory minimum.
For the foregoing reasons we hereby vacate the defendant's enhanced sentence and remand the matter to the trial court for further proceedings. We reserve to defendant the right to withdraw his guilty plea.
REVERSED AND REMANDED.
NOTES
[1] Although the Supreme Court did not address the constitutionality of such a procedure, it seems clear that the Williams court read the statute to exempt the state, but not the defendant from the usual objections.
[2] Effective June 15, 2001, the legislature amended LSA-R.S. 40:967B(4)(b) by 2001 La. Acts 403, Section 4, to provide a sentence of two to thirty years of imprisonment, with the first two years being served without benefit of parole, probation or suspension of sentence.