I .PER CURIAM.
Writ granted; habitual offender adjudication vacated; underlying guilty plea vacated; case remanded. The “waiver of rights” form signed by the defendant indicates that all parties initially agreed that the district court would impose a three-year sentence of imprisonment at hard labor. Further, the court of appeal reports that defense counsel stated during habitual offender proceedings that “the understanding was that defendant would receive the same three-year sentence.” State v. Jefferson, 01-1139 at 3-4, 815 So.2d 120 at 122. Even assuming, as did the court of appeal, that the state did not promise the defendant any specific sentence, id., 01-1139 at 7, 815 So.2d at 124, the waiver of rights form and counsel’s stated “understanding” indicate that the defendant was operating under the reasonable belief that a three-year sentence would be imposed. However, sentencing statutes in effect at the time of the offense, R.S. 40:967(B)(4)(b), 1989 La. Acts 482 and R.S. 15:529.1, render both the defendant’s underlying sentence and his sentence as an habitual offender illegally lenient. Accordingly, we vacate the defendant’s | {¡guilty plea, reverse his conviction, restore his pre-trial status, and remand the case to afford the defendant the opportunity to plead anew and proceed to trial if he chooses to plead not guilty. See State v. Scott, 93-0401 (La.3/16/95), 651 So.2d 1344; State v. Manchester, 545 So.2d 528, 529 (La.1989).