942 So.2d 33 (2006)
STATE of Louisiana
v.
Shane D. LEMONS.
No. 2006-KO-1051.
Supreme Court of Louisiana.
November 17, 2006.
Writ denied.
CALOGERO, C.J., would grant and assigns reasons.
CALOGERO, C.J., granting and assigning reasons.
I would grant the writ application and order a new sentencing for this eighteen-year-old first offender facing a sentence of life imprisonment. Although the district court was under the impression that it could not depart under any circumstances from the term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence specified by La. Rev.Stat. 14:42 for the offense of aggravated rape, a court may depart from mandatory penalties provided by the legislature for an offense upon a showing by the defendant that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's *34 failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances." State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677 (internal quotation marks and citation omitted); see also State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993) (holding that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime"). Furthermore, the district court possessed the authority as a matter of La Code Crim. Proc. art. 875(A)(1) and (A)(3) to order a pre-sentence investigation, including a test of the defendant's IQ.
In my view, given the particular factual circumstances of this case, fairness dictates that the defendant be afforded an opportunity, after a pre-sentence investigation and testing of his IQ, to make his showing under Johnson and Dorthey.[1] Accordingly, I would vacate the sentence of life imprisonment imposed on this eighteen-year-old first offender, and remand the matter to the district court with instructions to order a pre-sentence investigation report, including a test of the defendant's IQ. I would further instruct the district court to conduct a new sentencing hearing, following which the court should resentence the defendant, either to the mandatory term specified by La.Rev.Stat. 14:42, or, upon a finding under Johnson and Dorthey that the defendant is in fact an exceptional offender, to the longest term which is not constitutionally excessive.
NOTES
[1] At the time of the offense, this defendant, whose mother had died three years earlier, was barely eighteen years old and living with his twenty-seven-year-old brother, who was the father of the nine-year-old victim. The defendant had quit school at age seventeen while attending ninth grade, when he should have been in the twelfth grade. Although the evidence, given the defendant's confession to police, may have been sufficient to satisfy the element of penetration, however slight, the victim testified that the defendant had not penetrated her and the coroner's report revealed that the victim's hymen was intact, that there was no evidence of obvious trauma, and that the coroner was unable to admit his small fingertip into the victim's vaginal orifice.