960 So.2d 1182 (2007)
STATE of Louisiana, Appellee,
v.
Jerry Wayne BEASLEY, Appellant.
No. 42,143-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1183 Louisiana Appellate Project by G. Paul Marx, Lafayette, for Appellant.
Paul J. Carmouche, District Attorney, Lea R. Hall, Jr., Dhu Thompson, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
MOORE, J.
Jerry Wayne Beasley was charged by bill of information with three counts of molestation of a juvenile over whom the offender has control or supervision, La. R.S. 14:81.2 A, C. Tried on one count, he was found guilty as charged. The state *1184 then charged him as a second felony offender; the district court adjudicated him as such and sentenced him to 30 years at hard labor. Beasley now appeals, urging the sentence is excessive. We affirm.

Factual Background
The case arose when the victim, 16-year-old ELT, got pregnant by her mother's 51-year-old boyfriend, Beasley. The mother, BRM, and Beasley were girlfriend and boyfriend about nine years; Beasley had met BRM at a bus station and moved in with her and her daughters, ELT and ERM. By 2002, they were in distressed circumstances, as only BRM was working to support the family, which was staying in a room at the Palomar Motel in the Hollywood area of Shreveport. BRM would leave early in the morning for her job at a nursing home, leaving ELT in close quarters with Beasley.
ELT testified that Beasley began by walking around the motel room naked, walking in on her while she was bathing, and talking to her about feminine hygiene. Finally, close to her 16th birthday in September 2002, "he forced himself on me, as in physically attacked me and got on top of me." He pried her legs apart and had his way with her. ELT did not tell her mother about this because Beasley was BRM's boyfriend, and he did it again on "four or more" other occasions. ELT later became pregnant.
The baby, ANT, was born on June 12, 2003. ELT initially told BRM that the father was a school friend, but she eventually admitted that Beasley molested her several times. BRM reported the matter to authorities, who reexamined prior reports of sexual abuse of the sister, ERM, that had been closed as invalid. Investigators also reviewed an allegation raised by the daughter of another of Beasley's girlfriends. ELT positively identified Beasley as her attacker. DNA tests yielded a paternity index of 0.9999, making Beasley 133 million times more likely to be the father than a randomly-selected black male.
As noted, the state charged Beasley with three counts of molestation of a juvenile but proceeded to trial only with the count involving ELT.[1] After the jury found him guilty as charged, the state charged him as a second felony offender, based on his 1996 guilty plea to unauthorized entry of an inhabited dwelling. The court then sentenced him to 30 years at hard labor and later denied a motion for reconsideration.

Discussion
By one assignment of error, Beasley urges the district court imposed an unconstitutionally excessive sentence of 30 years for a defendant who was suffering from colon cancer and faced the habitual offender sentencing range of 7½ to 30 years. He concedes that the facts of the case are repulsive, but shows the state elected not to charge him with the more serious offense of rape. He argues that the court did not weigh his colon cancer, thus failing to particularize the sentence as required by La. C. Cr. P. art. 894.1 and State v. Smith, 433 So.2d 688 (La.1983). He concludes that the maximum sentence is simply not appropriate.
The state agrees with Beasley's characterization of the facts of the case and shows that Beasley's criminal record was equally repulsive: 23 arrests and 14 convictions in the period from 1969 to 2004, with more than one prior felony. This alone, the state submits, would justify the maximum sentence. Further, the court is not required to list every aggravating or mitigating factor as long as the record shows an adequate consideration of *1185 the guidelines. State v. Smith, supra. The state concludes the sentence of 30 years is fully supported.
Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Smith, supra; State v. Quiambao, 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1130. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, supra. In selecting a proper sentence, the court is not confined to evidence of prior convictions but may consider all prior criminal activity. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218; State v. Houston, 40,642 (La.App. 2 Cir. 3/10/06), 925 So.2d 690, writ denied, XXXX-XXXX (La.10/13/06), 939 So.2d 373. The court has great discretion in imposing a sentence within the statutory limits; absent a manifest abuse of that discretion, the appellate court will not disturb a legal sentence. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/93), 623 So.2d 1276; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, supra. Maximum sentences are reserved for the most serious violations of the charged offense and the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Gatti, 39,833 (La.App. 2 Cir. 10/13/05), 914 So.2d 74, writ denied, 2005-2394 (La.4/17/06), 926 So.2d 511.
The district court carefully reviewed the evidence as it pertained to the Art. 894.1 factors, notably Beasley's criminal record. Even a cursory review of his horrendous history shows that for much of his life, Beasley's modus vivendi has been theft and dishonesty, a pattern interrupted only by occasional stretches in jail.[2] The circumstances that gave rise to the instant offensebefriending and then living off BRMappear totally in his character. His one prior conviction for rape, and others for violent crimes, show that the instant event is really no anomaly. In addition to the obvious betrayal of trust, the court accurately noted that ELT's pregnancy and childbirth would adversely affect her education and, in all likelihood, place financial strain on the public welfare system. We observe that this case presents the most serious instance of the *1186 charged offense and that Beasley is the worst kind of offender.
We recognize that at Beasley's age and with his medical condition, a 30-year sentence may well amount to life. We are constrained to note, however, that ELT graphically described Beasley's physical condition and symptoms as she saw them at the time of the offense. If his illness and disability were no deterrent to this criminal conduct, they should be no impediment to correctional treatment. On this record, the court was entitled to find that Beasley's poor health was not a mitigating factor. State v. Collins, 2003-388 (La.App. 3 Cir. 10/8/03), 865 So.2d 117; State v. Thomas, 556 So.2d 1349 (La.App. 5 Cir.), writ denied, 563 So.2d 1151 (1990).
The instant sentence, although it is the maximum, is easily within the district court's discretion, and does not shock this court's sense of justice. This assignment of error lacks merit.

Conclusion
We have reviewed the entire record pursuant to La. C. Cr. P. art. 920(2) and find nothing we consider to be error patent. For the reasons expressed, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] After sentencing, the state dismissed the other two charges.
[2] Beasley's record included convictions (in Louisiana, Texas and California) of larceny in 1969, theft in 1970, theft in 1971, aggravated assault and simple escape in 1972, unauthorized use of a movable, impersonation of an officer and forgery in 1973, unauthorized use of an access card in 1974, larceny in 1975, forcible rape in 1976, simple battery, aggravated assault and illegal possession of a weapon by a convicted felon in 1981, theft in 1988, theft in 1991, resisting an officer and unauthorized entry of an inhabited dwelling in 1996, simple battery in 1998, and traffic offenses in 2001.