# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 08-1555


**STATE OF LOUISIANA**

**VERSUS**

**D. S. J.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 84,432
HONORABLE J.P. MAUFFRAY, JR., PRESIDING
\*\*\*\*\*\*\*\*\*\*


## SYLVIA R. COOKS
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**J. Reed Walters**
**District Attorney - Twenty-Eighth Judicial District**
**P.O. Box 1940**
**Jena, LA 71342**
**(318) 992-8282**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**Joseph Kutch**
**1010 Main Street**
**Pineville, LA 71360**
**(318) 448-6155**
**COUNSEL FOR DEFENDANT-APPELLANT:**
  **D. S. J.**

**COOKS, Judge.**

During the period between March 1 and March 31, 2007, it was alleged Defendant, D.S.J., touched the vagina of his eleven-year-old daughter on two separate occasions.[1]  Defendant also rubbed her breasts.

Defendant was charged by bill of indictment with sexual battery, a violation of La.R.S. 14:43.1, and indecent behavior with a juvenile, a violation of La.R.S. 14:81.  Defendant entered a plea of not guilty.

A Motion to Quash was filed and denied on the same day.  Defendant subsequently entered a plea of guilty to sexual battery pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), and reserved his right to appeal the denial of his Motion to Quash.  The charge of indecent behavior with a juvenile was dismissed.  Defendant was then sentenced to serve twenty-five years at hard labor without benefit of parole, probation, or suspension of sentence.  Defense counsel objected, asserting the sentence was excessive and asked the trial court to reconsider the sentence.  The motion to reconsider was denied.  Defense counsel then made an oral motion for appeal.

A written motion for appeal was filed and subsequently granted.  Defendant is now before this court asserting one assignment of error.  Therein, Defendant contends the trial court erred in not declaring La.R.S. 14:43.1(C) unconstitutional in violation of La.Const. art. 1, § 3 and/or § 20, in general or as it was applied to him.  For the following reasons, we find no merit in Defendant's contention.

_____ANALYSIS

Defendant pled guilty to sexual battery.  At the time of the offense, the penalty for sexual battery committed against a child under the age thirteen by an offender

_____

[1] Defendant's initials are being used in accordance with La.R.S. 46:1844(W).

seventeen years of age or older was imprisonment at hard labor for not less than twenty-five years nor more than life. At least twenty-five years of the sentence must be served without benefit of parole, probation, or suspension of sentence. La.R.S. 14:43.1 (C)(2). Defendant was sentenced to serve the mandatory minimum sentence.

Defendant is contesting his sentence in this appeal. It is unclear from the record whether the Defendant entered a plea for an agreed-upon sentence, of which he could not seek review. La.Code Crim.P. art. 881.2. The trial court stated the following prior to accepting Defendant's guilty plea: "It's already been discussed that your particular plea bargain involves a sanction of 25 years at hard labor, that's without parole, plus pay cost." Additionally, at the time Defendant was sentenced, the trial court stated the following: "It will be the sentence of the Court in accordance with the plea bargain agreement that you serve the minimum mandatory which is 25 years at hard labor without parole." We note the specific terms of the plea agreement were not set forth for the record. Because we cannot determine whether the sentence was an agreed-upon sentence, out of an abundance of caution and so as not to call into question the voluntariness of his plea, we will review the claims set forth by Defendant in brief to this court. *State v. Singleton*, 614 So.2d 1242 (La.1993).[2]

_____

[2]In *Singleton*, the supreme court stated the following:

> Writ is granted. This case is remanded to the court of appeal for review on the merits of defendant's sentencing claims.

> Even assuming that La.C.Cr.P. art. 881.1 retroactively applied to defendant's sentencing on January 21, 1992, ten days before the statute's effective date on January 31, 1992, the statute provides that a motion to reconsider sentence 'shall be oral at the time of sentencing or in writing thereafter...." Defense counsel began the combined guilty plea and sentencing proceeding on January 21, 1992, by objecting to the excessiveness of the eight-year sentences the court would impose, and by reserving appellate review of the sentence as part of defendant's guilty plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Counsel urged the specific grounds on which the court had not followed the new sentencing guidelines, effective January 1, 1992, relative to computing

Prior to entering his guilty plea, Defendant filed a Motion to Quash asserting the following:

Mover shows that the sentence is unconstitutional as excessive and, unconstitutionally excessive where applied to this defendant.

Mover shows that the mandatory minimum sentence makes no allowance for considering the actual conduction [sic] of the accused, the actual injury inflicted on the victim, to include physical and/or emotional trauma actually inflicted on the victim, nor allows the court any latitude in sentencing as outlines [sic] in the Code of Criminal Procedure, Article 894.1. Moreover, Section 43.2 is inherently a more violent and dangerous offense yet carries the same penalty in subsection (C) (2).[3]

---

the length of sentence and to improperly rejecting suspension of sentence and probation as an alternative to imprisonment. These remarks constituted an oral motion to reconsider made "at the time of sentencing," alerting the court to specific problems that counsel found with the sentences at a time when the court could take corrective action, and obviating the need for a written motion filed after sentencing. To the extent that counsel also reserved appellate review of sentence as part of the guilty pleas, denial of that review on the basis of art. 881.1 would jeopardize the voluntariness of those pleas.

[3] Louisiana Revised Statute 14:43.2 defines sexual battery as follows:

A. Second degree sexual battery is the intentional engaging in any of the following acts with another person when the offender intentionally inflicts serious bodily injury on the victim:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

B. For the purposes of this Section, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

C. (1) Whoever commits the crime of second degree sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than fifteen years.

At a hearing on the motion, defense counsel asserted the mandatory minimum sentence was unconstitutionally excessive as written and as applied to Defendant. Defense counsel then argued the mandatory minimum sentence made no allowance for considering a defendant's conduct, injuries suffered by the victim, or the sentencing guidelines. Additionally, second degree sexual battery carried the same penalty and is a substantially more serious offense. The trial court denied the motion, stating the following:

> I think the Legislature wanted to address the age thing more than any other thing versus the amount of intentional infliction. So, that being the case, I'm not gonna impose my thoughts on what the Legislature was thinking when they passed the Statute raising it - if it's less than 13, it's at least 25.

In brief to this court, Defendant sets forth the following three issues: 1) whether the penalty portion of La.R.S. 14:43.1(C) is unconstitutionally excessive, either in all cases or as applied to him, when compared with that in La.R.S. 14:43.2; 2) whether the wide disparity of actions that are possible to be inflicted under the definition of La.R.S. 14:43.1 creates the reasonable likelihood of an excessive sentence based upon the harm done; and 3) whether the disparity between the harm inflicted between La.R.S. 14:43.1 and La.R.S. 14:43.2 and imposition of the identical sanction affords him the equal protection of the law.

Defendant asserts the penalty for second degree sexual battery is identical,

---

(2) Whoever commits the crime of second degree sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

where the age criteria exists, to that for sexual battery although second degree sexual battery requires the intentional infliction of serious bodily injury. Defendant further asserts this amounts to an equal protection violation. Defendant then discusses *State v. Beasley*, 42,143 (La.App. 2 Cir. 6/20/07), 960 So.2d 1182, wherein the defendant in that case was convicted of molestation of a juvenile under his control or supervision for impregnating his girlfriend's sixteen-year-old daughter and was sentenced as a second felony offender to serve thirty years at hard labor. We note the offense in *Beasley* occurred in 2002, and the penalty at issue in the instant case was added in 2006.

Defendant then discusses the law regarding downward departure from a minimum sentence, asserting that defense counsel made an argument for a downward departure, and the trial court refused to second-guess a decision by the legislature. He also asserts the sentencing provision of La.R.S. 14:43.1(C) facially violates the state constitutional prohibition against excessive punishment.

> "A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993). "A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice." *State v. Lobato*, 603 So.2d 739, 751 (La.1992). It is a well established principle that the legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. *Dorthey*, 623 So.2d at 1278; *State v. Woljar*, 477 So.2d 80, 81-82 (La.1985). The penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. *State v. Ryans*, 513 So.2d 386, 387 (La.App. 4th Cir.1987), *writ denied*, 516 So.2d 366 (La.1988). Courts must apply these penalties unless they are found to be unconstitutional. *Dorthey*, 623 So.2d at 1278.

> In *State v. Telsee*, 425 So.2d 1251 (La.1983), this court outlined several factors which are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. This analysis is cumulative and focuses on a combination of these factors. *Id.* at 1253. These factors include the

nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions. *Id.* at 1253-54.

*State v. Baxley*, 94-2982, pp. 9-10 (La. 5/22/95), 656 So.2d 973, 979-80.

In 2006 La. Acts No. 103, § 1, the sentencing provisions for sexual battery, La.R.S. 14:43.1(C); second degree sexual battery, La.R.S. 14:43.2(C); oral sexual battery, La.R.S. 14:43.3(C); pornography involving juveniles, La.R.S. 14:81.1(E); and molestation of a juvenile, La.R.S. 14:81.2(E), were amended or enacted to provide for a mandatory minimum sentence of twenty-five years at hard labor, with at least twenty-five years of the sentence to be served without benefit of parole, probation, or suspension of sentence, when the victim of the offense is under the age of thirteen and the offender is seventeen years of age or older. This act was known as the Mary Jean Thigpen Law and within that act, the legislature also provided that the penalty for indecent behavior with a juvenile under the age of thirteen by an offender seventeen years of age or older would be imprisonment for not less than two nor more than twenty-five years, with at least two years of the sentence to be served without benefit of parole, probation, or suspension of sentence.[4] La.R.S. 14:81.

In 2006 La. Acts No. 325, § 2, the legislature provided for a mandatory minimum sentence of not less than twenty-five years at hard, with at least twenty-five years of the sentence to be served without benefit of probation, parole, or suspension of sentence, for the commission of aggravated incest and molestation of a juvenile by an offender seventeen years of age or older against a victim under the age of thirteen.

---

[4] The legislature, in 2006 La. Acts No. 103, § 2, stated the Mary Jean Thigpen Law was enacted in memory of Mary Jean Thigpen, a four year old who was murdered on November 12, 2001, by a multiple sexual offender.

La.R.S. 14:78.1(D); La.R.S. 14:81.2(E).

Additionally, in 2006 La. Acts No. 325, § 1, the legislature stated the following:

> The Louisiana Legislature has long recognized the need to protect our most innocent and defenseless citizens and has enacted statutory provisions to protect children from sexual offenders and predators. Louisiana has some of the strictest penalties for sex offense violations and some of the most extensive provisions for sexual offender and sexual predator registration and notification in the United States. The Louisiana Legislature recognizes the tragedy associated with the story of Jessica Lunsford who at the age of nine was abducted, abused, and murdered by a convicted sexual offender. Motivated by the tragedy associated with Jessica Lunsford, the Florida Legislature enacted the Jessica Lunsford Act which provided for a minimum twenty-five-year sentence for child molesters and lifetime monitoring following incarceration. The Louisiana Legislature in enacting the provisions of this Act seeks to incorporate those provisions into the Louisiana Law.

A mandatory minimum sentence is presumed to be constitutional. *State v. Rogers*, 07-427, p. 4 (La.App. 3 Cir. 10/31/07), 969 So.2d 707, 710. Defendant agues imposition of the mandatory minimum sentence makes no allowance for considering a defendant's conduct, injuries suffered by the victim, or the sentencing guidelines. Regardless, the legislature exercised its prerogative to protect children under the age of thirteen from sexual predators when enacting 2006 La.Acts No. 103, § 1. Thus, we find the mandatory minimum sentence for sexual battery is not excessive on its face.

Furthermore, based on the fact Defendant committed a sexual act against his own daughter and violated a position of trust, we cannot say the imposition of the mandatory minimum sentence is excessive in this case.

Defendant also contends he was entitled to a downward departure from the mandatory minimum sentence. In *State v. Smith*, 07-468, p. 10 (La.App. 3 Cir. 10/31/07), 969 So.2d 694, 701, *writ denied,* 07-2484 (La. 5/16/08), 980 So.2d 707 (alteration in original), this court discussed departure from mandatory penalties as

follows:

> [A] court may depart from mandatory penalties provided by the legislature for an offense upon a showing by the defendant that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances." *State v. Johnson,* 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677 (internal quotation marks and citation omitted); *see also State v. Dorthey,* 623 So.2d 1276, 1280-81 (La.1993) (holding that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime").

*State v. Lemons*, 06-1051, p. 1 (La.11/17/06), 942 So.2d 33, 33-34.

The only argument presented regarding a downward departure from the mandatory minimum sentence was Defendant's assertion that the mandatory minimum sentence for both sexual battery and second degree sexual battery were the same despite the fact that an offender convicted of second degree sexual battery would have to inflict seriously bodily injury. Additionally, La.R.S. 14:43.1(C) did not allow for the consideration of Defendant's actual conduct, the injury inflicted upon the victim, or the sentencing guidelines.

We believe the legislature was aware the mandatory minimum sentence for sexual battery and second degree sexual battery were the same when it enacted 2006 La. Acts 103, § 1 and that the trial court would not consider a defendant's actual conduct, the injury inflicted upon the victim, or the sentencing guidelines when imposing the mandatory minimum sentence. The legislature sought to protect innocent children by enacting the penalty provision at issue and Defendant failed to present facts particular to his case that would support a departure from the mandatory minimum sentence.

-8-

Lastly, Defendant asserts that imposing the same mandatory minimum sentence for sexual battery and second degree sexual battery, which requires the victim to suffer serious bodily injury, is not the equal protection of the law guaranteed by La.Const. art. 1, § 3. Essentially, Defendant argues imposition of the same penalty for two separate and distinct offenses is a violation of equal protection. We disagree.

In *Parker v. Cain*, 445 F.Supp.2d 685 (E.D.La. 2006), the defendant, who had been convicted of second degree murder and sentenced to life imprisonment, argued his right to equal protection was violated because life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence was a possible penalty for both second degree murder and first degree murder. The court found the defendant's "equal protection argument simply makes no sense. The fact that the same penalty is a possibility under two different statutes in no way violates the Equal Protection Clause. [Defendant] cites no authority which holds otherwise, and this Court is aware of none." *Id.* at 699 (footnote omitted). Likewise, we find Defendant's Equal Protection claim in this case lacks merit.

**DECREE**

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**