STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

12-300

STATE OF LOUISIANA

VERSUS

DIETRICH JAMAL THIBODEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 129664
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.

Annette Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
    Dietrich Jamal Thibodeaux

**Michael Harson**
**District Attorney - Fifteenth Judicial District**
**Alan P. Haney - Assistant District Attorney**
**Post Office Box 4308**
**Lafayette, Louisiana 70502**
**(337) 291-7009**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, Dietrich Jamal Thibodeaux, after having been convicted of numerous felonies, was adjudicated a habitual offender and sentenced to fifty years imprisonment without the benefit of parole, probation, or suspension of sentence. The State appealed Defendant's sentence, alleging trial court error in deviating from the mandatory sentence proscribed by law for a fourth felony offender. For the following reasons, we vacate the trial court sentence and remand the case for resentencing in accordance with law.

## FACTS

Defendant's underlying conviction in this habitual offender case is aggravated battery, which occurred in October 2008. At the habitual offender hearing, the State alleged six predicate convictions, as follows: possession of cocaine, April 1991; second degree battery, November 1997; possession of cocaine, July 1997; possession of cocaine, September 1997; distribution of cocaine, October 2002; and possession of cocaine, February 2010. The State offered certified minute entries and bills of information on each of the convictions. Defendant, through counsel, stipulated to the authenticity of the State's proof of the above offenses and to his identity.

Defendant then presented the testimony of Elizabeth Comeaux, his mother, who testified that as a child, Defendant witnessed extremely violent behavior in his family, including his father being murdered when he was five years old and his uncle killing the man who killed his father. She further testified that Defendant's stepfather was extremely abusive, and Defendant took to alcohol and drugs as a teenager to cope with that environment.

Defendant also presented the testimony of Dr. Craig Forsyth, a professor of sociology and criminal justice and head of the Criminal Justice Department at

University of Louisiana. After he was accepted as an expert in sociology by the trial court, Dr. Forsyth testified as to how a person's behavior is formed by their social environment and how Defendant's behavior could be attributed to his upbringing. At the conclusion of the hearing, the trial court vacated the ten-year sentence imposed upon Defendant on the conviction for aggravated battery and sentenced Defendant to fifty years imprisonment without benefit of parole, probation, or suspension of sentence.

## PROCEDURAL HISTORY

Defendant was convicted by the trial court of aggravated battery, a violation of La.R.S. 14:34, on November 16, 2010. Defendant was sentenced to ten years imprisonment at hard labor on December 16, 2010. On January 31, 2011, Defendant was charged as a habitual offender pursuant to La.R.S. 15:529.1 (Habitual Offender Law). On September 29, 2011, Defendant was adjudicated a habitual offender and sentenced to fifty years imprisonment without the benefit of parole, probation, or suspension of sentence.

The State timely perfected an appeal, alleging that the trial court erred when it deviated from the mandatory sentence proscribed by the Habitual Offender Law for a fourth felony offender.

## ASSIGNMENTS OF ERROR

The State presents two issues: "[w]hether the trial court erred in sentencing the [D]efendant under [La.R.S. 15:529.1(A)(4)(a)] or [La.R.S. 15:529.1(A)(3)(a)] instead of [La.R.S. 15:529.1(A)(4)(b);]" and "[w]hether the trial court erred in sentencing the [D]efendant to fourteen (14) years as a habitual offender[,] which is below the mandatory minimum sentence of life in prison." Obviously, the State inadvertently erred when it stated in brief that the trial court sentenced Defendant to fourteen years. Defendant was actually sentenced to fifty years. Nevertheless,

the crucial and pertinent issue is whether the trial court erred in sentencing Defendant under the Habitual Offender Law. We find that there are procedural irregularities which warrant a reversal of the habitual offender sentence and a remand.

At the adjudication hearing, the State offered State's Exhibits 1–7 to the trial court, and the trial court was advised that Defendant acknowledged and confessed to the predicate offenses. The defense then presented its two witnesses. Thereafter, the trial court stated, "All right. The Court will vacate the previous sentence of ten (10) years that was meted out to this [D]efendant[,] and I'm going to order the [D]efendant to serve fifty (50) years at hard labor without the benefit of parole, probation or suspension of sentence."

In brief, citing *State v. Dean*, 588 So.2d 708 (La.App. 4 Cir. 1991), *writ denied*, 595 So.2d 652 (La.1992), the State argues that although it "is impossible to know exactly which part of the Habitual Offender Law the [D]efendant was sentenced under[,]" the trial court did not have the discretion to find Defendant not guilty of being a habitual offender or only guilty of being a second or third offender after the State had proven its accusation that he was a fourth felony offender, which triggered the enhancement section of the statute. We note that with respect to habitual offenders, the applicable sentencing provision is the one in effect when the underlying offense was committed. *State v. Parent*, 03-653 (La.App. 5 Cir. 10/28/03), 860 So.2d 170, *writ denied*, 03-3169 (La. 5/21/04), 874 So.2d 171.

In the instant case, the offense was committed in 2008; accordingly, two possible relevant provisions are La.R.S. 15:529.1(A)(1)(c)(i) or (c)(ii), which provided:

3

(c) If the fourth or subsequent felony is such that, upon a first conviction[,] the offender would be punishable by imprisonment for any term less than his natural life[,] then:

(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or

(ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Further, this court, in *State v. Smith,* 07-468, p. 10 (La.App. 3 Cir. 10/31/07), 969 So.2d 694, 701, *writ denied*, 07-2484 (La. 5/16/08), 980 So.2d 707 (alteration in the original), discussed departure from mandatory penalties as follows:

> [A] court may depart from mandatory penalties provided by the legislature for an offense upon a showing by the defendant that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances." *State v. Johnson*, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677 (internal quotation marks and citation omitted); *see also State v. Dorthey*, 623 So.2d 1276, 1280-81 (La.1993) (holding that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime").

*State v. Lemons*, 06-1051, p. 1 (La. 11/17/06), 942 So.2d 33, 33-34.

We cannot speculate as to what grounds the trial court determined the appropriate sentence to be in this case. The trial court did not so state. Did the trial court sentence Defendant under La.R.S. 15:529.1(A)(1)(c)(i), did he accept the expert's testimony and determine in this particular case that Defendant was exceptional, or did he take issue with one or more of the predicate convictions during the witnesses' testimonies? There is nothing in the record reflecting the trial court's response to these pertinent questions, and there is nothing in the record to support the trial court's inexplicable departure from the mandatory penalty.

The habitual offender statute, La.R.S. 15:529.1(D)(3)(emphasis added), provided:

> When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in Subsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his right, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. **The court shall provide written reasons for its determination.** Either party may seek review of an adverse ruling.

In addition to the mandate to provide reasons for its determination, the Habitual Offender Law also requires the trial court to state for the record whether a defendant is a second, third, or fourth felony offender. La.R.S.15:529.1(D)(2)(a), (b), and (c).

Lastly, in his response to the State's appeal of the sentence, Defendant notes a procedural irregularity. He argues that the record in the current case does not contain a motion for reconsideration of sentence as required by La.Code Crim.P. art. 881.2(B). Accordingly, the issue of the sentence is not properly before this court. Following the imposition of the sentence, the prosecutor only stated, "Your

Honor, I'd like to give our notice of appeal." There was no formal objection by the State put on the record regarding the sentence.

In *State v. Jefferson*, 01-1139 (La.App. 5 Cir. 3/13/02), 815 So.2d 120, *reversed on other grounds*, 02-1038 (La. 1/10/03), 838 So.2d 724, the fifth circuit examined a scenario very similar to the current case wherein the State did not file a motion to reconsider a less than minimum sentence imposed on a habitual offender or object to the sentence at the time of the sentencing. As in the instant case, the State merely moved for an appeal. After examining La.Code Crim.P. art. 881.1(B) and (D) and the legislative intent behind La.R.S. 15:301.1, the fifth circuit stated:

> Recently[,] the Supreme Court ruled that R.S. 15:301.1 has retroactive application. *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790. The *Williams* court also considered the authority of the appellate courts to amend or order amended an illegally lenient sentence when the state did not object below or complain on appeal of the leniency. Although the procedural facts of *Williams* can be distinguished from the case at bar, because in the instant matter the state does complain of the sentence on appeal, we find *Williams* enlightening and applicable to the instant matter.
>
> The *Williams* opinion called into question the line of cases represented by *State v. Jackson*, 452 So.2d 682 (La.1984), and *State v. Fraser*, 484 So.2d 122 (La.1986), and concluded that a defendant does not have a constitutional or statutory right to an illegal sentence. In this regard, the Supreme Court concluded that when an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant's constitutional rights.
>
> In analyzing R.S. 15:301.1 the *Williams* court found that the provisions of paragraphs A and C were self-activating, but paragraph B requires the court or the state to move to correct the sentence. In this regard, the Supreme Court noted that paragraph B addresses sentencing restrictions other than parole, probation or suspension of sentence. Paragraph B is applicable in the instant case because the sentencing problem of which the state complains is nonconformity with statutory provisions. As we interpret *Williams*, the state is exempt from the need to file either a contemporaneous objection pursuant to LSA-C.Cr.P. art. 841 or a motion to reconsider sentence pursuant to LSA-C.Cr.P. art. 881.1 because of the legislative enactment of R.S. 15:301.1B. *State v. Williams, supra* at p. 11, fn. 8, 800 So.2d at 798. While the Supreme Court does not specifically refer to LSA-C.Cr.P. art 881.2 in its analysis, we find that article 881.2 must be read in conjunction with article 881.1, which is specifically

6

mentioned. Accordingly, we consider the matter properly before us, and we will review the state's appeal.

*Id.* at 123-24 (footnote omitted).

In the instant case, considering the stipulations as to Defendant's identity and the predicate offenses, there was no issue as to the adjudication of Defendant as a habitual offender. The only remaining issue before the trial court was the sentencing of Defendant as a habitual offender. As soon as the trial court sentenced Defendant to fifty years without benefits, the State immediately gave notice to the trial court of its intent to appeal. Since this was the only remaining issue before the trial court, we deem that to be the equivalent of an objection by the State to the trial court's sentence. Therefore, we consider the State's appeal to be properly before us.

Defendant further argues that even though he is the Appellee, the record should be reviewed for errors patent. He states an error patent is found in the habitual offender hearing in that the record fails to show that Defendant was duly cautioned as to his rights, specifically his right to remain silent prior to pleading guilty to being a multiple offender. However, in *State v. Moore*, 12-102, p. 1 (La. 5/25/12), 90 So.3d 384, 385, the supreme court stated "that a habitual offender hearing should not be considered part of the record for purposes of error patent review and that a defendant must assign as error any perceived defect in the proceedings to preserve appellate review of the claimed error."

As stated above, considering our thorough review of the record, we find that it is not possible for this court to determine on what grounds the trial court sentenced Defendant. Consequently, we must vacate Defendant's sentence and remand the matter to the trial court with instructions that when resentencing Defendant, the trial court is to comply with the mandated analysis set forth in *State*

*v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, which requires the trial court to articulate reasons for imposing a downward departure from a mandatory minimum sentence in the case of a habitual offender.

## **DISPOSITION**

Defendant's sentence is vacated, and the matter is remanded to the trial court with instructions that when resentencing Defendant, the court shall comply with the mandated analysis as set forth in *Johnson*, 709 So.2d 672.

**SENTENCE VACATED;**
**CASE REMANDED WITH INSTRUCTIONS.**