487 So.2d 1243 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
David LEJEUNE and Terry Decoux, Defendants-Appellants.
No. CR 85-256.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
*1244 G. Paul Marx, Lafayette, for defendantsappellants.
Calvin Woodruff, Asst. Dist. Atty., Abbeville, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The criminal offenses involved in this case were as a result of a racial statement directed at two blacks, Jackie Duncan and Kerry Turner; everyone else involved is white. Two or three weeks before, David M. Lejeune ordered Turner out of Irene's Hide-Away Lounge (hereafter Irene's) because Turner was black. On that occasion, Irene, the bar owner, advised Turner to leave to avoid trouble. On July 18, 1982, between 2:00 and 4:00 a.m. Duncan and Turner were in Irene's drinking beer with a friend, Byron Johnson. In the bar were defendants, David M. Lejeune and Terry J. Decoux (referred to hereafter as Lejeune or Decoux or defendants). While in the *1245 bar, Lejeune came up to Turner and told him to leave "... 'cause he [Lejeune] just didn't like niggers ... [and] 'cause he runs the bar now ..." Turner and Duncan proceeded to back themselves out of the bar while Lejeune and several others followed brandishing pool sticks.
At the door to the bar Turner struck Lejeune in the face with his fist. Lejeune and the others immediately crowded Turner and started to hit him. When Duncan, who had exited the bar just before Turner, realized that Turner had been thrown to the ground and was being beaten, he ran to Turner's car in the parking lot, returned with a gun, and, without cocking the gun or pointing it, ordered the crowd to back off. Someone grabbed Duncan from behind and, in the course of disarming him, caused the gun to fire into the air; thereafter he was stabbed in the back and thrown to the ground. While on the ground Turner and Duncan were repeatedly kicked and beaten, sustaining severe injuries, until the police arrived.
In connection with this incident Lejeune and Decoux were each charged with: the aggravated battery of Turner and Duncan, violations of LSA-R.S. 14:34; the seconddegree battery of Turner and Duncan, violations of LSA-R.S. 14:34.1; and the attempted second-degree murder of Duncan, violations of LSA-R.S. 14:27 and 14:30.1.
This was a bifurcated trial. Lejeune and Decoux waived their right to trial by jury on the charge of attempted second-degree murder, and invoked their right to trial by jury on the charges of aggravated battery and second-degree battery. In the attempted second-degree murder charge the trial judge found Lejeune and Decoux guilty of the responsive verdict of aggravated battery. In each of the remaining four counts against Lejeune and Decoux the jury returned responsive verdicts of guilty of simple battery.
The trial judge sentenced Lejeune on the aggravated battery conviction to three years hard labor and restitution of $2,227 to the victims; for this same conviction Decoux received three years at hard labor suspended, two years supervised probation, with the condition that he serve six months in the parish jail and make restitution of $2,227. On the remaining convictions of simple battery, Lejeune received five months on each count to run concurrent with each other; Decoux received a sentence of thirty days on each count to run concurrent and to run concurrent with the sentence on his conviction for aggravated battery.
Lejeune and Decoux appeal their convictions contending that the trial court erred: (1) in finding Decoux guilty of aggravated battery because the State failed to rebut his defense of self-defense; (2) in convicting Lejeune of aggravated battery on a record lacking any evidence of the crime; (3) in convicting both Decoux and Lejeune of aggravated battery when the victim suffered only a single wound; (4) in convicting defendants of aggravated battery because the verdict is contrary to the law, i.e., constitutes double jeopardy; and (5) in refusing defendants' tendered charge regarding self-defense when said charge was not covered in the court's general charge. We affirm.

DECOUX'S DEFENSE OF SELF-DEFENSE
Decoux contends that the trial court erred in finding him guilty of the aggravated battery of Duncan because of the State's failure to rebut his defense of selfdefense.
Where no homicide results, as in the present case, the use of force or violence in self-defense is justified when the amount used is reasonable and it is apparently necessary to use such force to protect oneself. LSA-R.S. 14:19; State v. Guinn, 319 So.2d 407 (La.1975). In such a situation the defense of self-defense necessitates a dual inquiry: (1) an objective inquiry into whether the force used was reasonable under the circumstances; and (2) a subjective inquiry into whether the force was apparently necessary. State v. Freeman, 427 So.2d 1161 (La.1983). Although *1246 the Louisiana Supreme Court has suggested that the defendant bears the burden of proving self-defense, see State v. Cheatwood, 458 So.2d 907 (La.1984), and State v. Freeman, supra, we need not resolve that issue because, irrespective of who bears the burden, the record before us shows that Decoux did not stab Duncan in self-defense.
Decoux argues that if he stabbed Duncan, his action was justified because it was necessary to stop Duncan from using the .38 caliber revolver. We disagree. Duncan testified that he saw about five persons armed with knives and pool cues crowd and hit Turner, his brother, just outside Irene's. Duncan then grabbed a .38 caliber revolver from Turner's car and ordered the assailants to back off. Duncan stated without contradiction that he neither pointed the gun at anyone nor cocked the hammer at anytime. Duncan was grabbed from behind in an attempt to get the gun away. Assuming that some force or violence was necessary to stop Duncan from using the gun, the amount of force used, i.e., the stabbing, was not necessary to achieve that result. Therefore, this assignment lacks merit.

SUFFICIENCY OF EVIDENCE
We have combined defendants' assignments of error 2 and 3 for discussion since both concern the question of sufficiency of the evidence.
An appellate court, in reviewing a criminal conviction, must determine whether the overall evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the accused was guilty of every element of the offense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cheatwood, supra.
Lejeune first argues that there was no evidence in the record that he committed an aggravated battery on Duncan. We disagree.
George Heichelheim, who was involved in this incident, was granted immunity by the State in return for his testimony. He testified that while in the parish jail Lejeune told Heichelheim that he stabbed both Duncan and Turner with one knife motion. Further, other than Duncan's testimony that Decoux used Duncan's shirt to wipe blood off of a knife, the record is void of any indication that someone other than Lejeune stabbed Duncan. Furthermore, Lejeune could have been found guilty of aggravated battery on the basis that he was an active principal to the crime.
Decoux and Lejeune further argue that both of them could not have been found guilty of aggravated battery because Duncan suffered only a single knife wound.
LSA-R.S. 14:24 provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
A person who aids and abets in the commission of a crime is guilty as a principal although he does not himself commit the act constituting the offense. State v. Bernard, 441 So.2d 817 (La.App.3rd Cir.1983), writ denied, 445 So.2d 439 (La.1984).
Assuming that Decoux did in fact stab Duncan, Heichelheim testified that Lejeune met Duncan who was running from the car with the gun, and grabbed Duncan's right wrist and left shoulder; therefore, Lejeune's restraint of Duncan, an act of aiding and abetting, was sufficient for his conviction of aggravated battery.
Accordingly, a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found Lejeune and Decoux guilty of aggravated battery beyond a reasonable doubt. These assignments of error, therefore, lack merit.

DOUBLE JEOPARDY
Defendants, relying on State v. Nichols, 337 So.2d 1074 (La.1976), argue that since *1247 the jury returned responsive verdicts of guilty of simple battery (each two counts) in the same case, the trial judge's responsive verdict of aggravated battery constituted double jeopardy.
No person shall be twice put in jeopardy of life or liberty for the same offense. LSA-La. Const. Art. I, § 15; LSA-C.Cr.P. Art. 591. Whether two offenses are the same for purposes of double jeopardy is determined by the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):
"... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not...."
In addition to the Blockburger standard, Louisiana also follows the "same evidence" test, a somewhat broader standard:

"This test holds that two offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses, [Citations omitted.] unless the gravamen of the the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of the former jeopardy. [Citations omitted.]" State v. Nichols, supra.

From a reading of the criminal statutes involved, the elements are not the same, and different evidence is required for the conviction of each offense. To prove aggravated battery, it must be shown that: (1) the defendants used intentional force or violence upon the person of another and (2) that such force was committed with a dangerous weapon. LSA-R.S. 14:33 and 14:34. To prove second-degree battery, it must be shown that: (1) the defendants used intentional force or violence upon the person of another and (2) that such force was committed without the consent of the victim when the offender intentionally inflicts serious bodily injury. LSA-R.S. 14:33 and 14:34.1. Additionally, general criminal intent is sufficient to sustain a charge of aggravated battery; however, second degree battery is a crime which requires a showing of specific intent. In re Glassberg, 230 La. 396, 88 So.2d 707 (1956); State v. Daigle, 439 So.2d 595 (La.App. 1st Cir.1983). The elements necessary to prove attempted second degree murder are: (1) a specific intent to kill or inflict great bodily harm and (2) an act tending directly toward the accomplishment of that object. State v. Hill, 431 So.2d 871 (La.App.2d Cir.1983), writ denied, 439 So.2d 1073 (La. 1983); State v. Guin, 444 So.2d 625 (La. App.3rd Cir.1983).
In looking at the elements necessary to prove each crime, it is evident that different facts must be proven to show the different states of intent for aggravated battery and second-degree battery. Likewise, for attempted second-degree murder, a specific intent to kill must be proven.
Although defendants rely on State v. Nichols, supra, that case stands for the proposition that an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense. The evidence reveals that separate and distinct offenses did occur during the altercation outside of Irene's, thus forming a sufficient basis for the charges in the bills of information. Terry testified that he was kicked in the face and in the ribs and was stabbed in the chest. Duncan said that Lejeune and Decoux and about three others were hitting Turner outside of the barroom. Duncan also testified that he (Duncan) was stabbed in the back and thereafter was kicked "... a few times, quite a few times ... [t]o the body, in the mouth, and the head ... [a]bout eight or ten [times]...." He further testified that Lejeune and Decoux kept him from getting up from the ground, Lejeune by standing on his head and Decoux by kicking him *1248 whenever he attempted to move. Two other prosecution witnesses, George Heichelheim and Byron Johnson, corroborated the victims' account of the altercation.
In State v. McCarroll, 337 So.2d 475 (La.1976), the Supreme Court concluded that multiple charges of aggravated assault arising from the same occurrence did not constitute double jeopardy. In the case sub judice Decoux and Lejeune were charged with two counts of second-degree battery, two counts of aggravated battery, and one count of attempted second-degree murder. The record contains evidence supportive of each of these counts, and since each crime required proof of additional elements which the other did not, i.e., relative to the proof of criminal intent, the defendants could constitutionally be tried and convicted on all five counts. Therefore, this assignment of error lacks merit.

JURY CHARGE
Defendants argue that in their jury trial, the trial judge erred in refusing to instruct the jury with their tendered charge regarding the defense of self-defense. They contend that the judge's general charges did not cover the content of their requested charge.
Although LSA-C.Cr.P. Art. 807 authorizes the State or the defendant to submit special written jury charges to the trial court, such charges must not require qualification, limitation or explanation, and then the trial court need not give them if such charges are included in the general charge or another special charge. State v. Necaise, 466 So.2d 660 (La.App.5th Cir.1985).
A careful review of defendants' special instruction in the present case reveals that the trial court's general instruction included an instruction regarding the defense of self-defense which closely paralleled defendants' requested charge. Accordingly, the trial court did not err in refusing to give the defendants' requested special charge. Therefore, this assignment of error lacks merit.
For the foregoing reasons, defendants' convictions and sentences are affirmed.
AFFIRMED.