# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-0427


**STATE OF LOUISIANA**

**VERSUS**

**RAYMOND ROGERS**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 16972-05
HONORABLE ROBERT BRYANT, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


**CONVICTION AFFIRMED; SENTENCE VACATED, AND THE MATTER REMANDED FOR RESENTENCING.**


**John F. DeRosier**
**District Attorney**
**Paul P. Reggie**
**Assistant District Attorney**
**Carla S. Sigler**
**Assistant District Attorney**
**Fourteenth Judicial District**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Eugene A. Bouquet**
**Attorney at Law**
**Post Office Box 1512**
**Lake Charles, LA 70602**
**(337) 433-9900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Raymond Rogers**

PETERS, J.

The defendant, Raymond Rogers, was convicted of the offense of aggravated battery, a violation of La.R.S. 14:34, and was sentenced by the trial court to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence. He now appeals his conviction and sentence, asserting six assignments of error. For the following reasons, we affirm the conviction in all respects, but vacate the sentence and remand the matter to the trial court for resentencing.

## DISCUSSION OF THE RECORD

The criminal charge against the defendant arises from a prior ongoing property dispute between him and David Gilley. On August 18, 2005, Mr. Gilley was using his tractor to destroy a fence constructed by the defendant on the land whose ownership was in dispute between the two men. As Mr. Gilley operated his tractor, the defendant began firing a pistol at him. One of the several bullets fired by the defendant struck Mr. Gilley in the head.

The State of Louisiana (state) charged the defendant by grand jury indictment with attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. However, after trial, the jury found the defendant guilty of the responsive verdict of aggravated battery. Thereafter, the trial court sentenced the defendant as stated above. The defendant then filed a motion to reconsider his sentence, and, after a hearing, the trial court denied that motion. The defendant then perfected this appeal.

## OPINION

The first two assignments of error address the merits of the conviction. The remaining assignments of error relate to the imposition of sentence.

1

**Merits Issues**

The defendant phrased the first two assignments of error in the following language:

  1.  Was the failure of the trier of fact to return a not guilty verdict on the issue of self defense not supported by the evidence?

  2.  Considering the nature of self defense presented on behalf of the defendant did the trial court err in denying the admission to the trier of fact testimony of prior threatening and harmful action of the alleged victim in the use of his tractor as a weapon toward others?

In support of the first assignment of error, the defendant states that "[a] defense of self defense is well applicable," and cites *State v. Lejeune*, 487 So.2d 1243 (La.App. 3 Cir. 1986), but makes no other reference to self-defense and does not discuss the particulars of the *Lejune* decision. That is to say, he fails to set forth any basis for his theory of self-defense or how it applies to the facts of this case. Because the defendant has failed to properly brief this issue, it will not be considered by this court. Uniform Rules—Courts of Appeal, Rule 2-12.4.

For the same reason, and pursuant to the same authority, Uniform Rules—Courts of Appeal, Rule 2-12.4, we will not consider the second assignment of error. In that assignment of error, the defendant states that Mr. Gilley had used his tractor in the past as a weapon against another person, and that the trial court erred in not allowing him to present that evidence. He asserts that the significance of the testimony is profound in consideration of the defense of self-defense. But the defendant has failed to properly brief this issue because he has presented no authority to suggest on what basis the evidence at issue should have been admissible.

**Sentencing Issues**

The defendant phrased his remaining assignments of error in the following language:

3. Was the sentence against the defendant excessive?

4. Did the trial court err at sentencing by dismissing without consideration the presentence Investigation Report?

5. Did the trial court err in determining that he had absolutely no discretion under the provision of Louisiana Code of Criminal Procedure Article 893.1?[1]

6. Did the trial court err in failing to apply exceptional circumstances under the provisions Code of Criminal Procedure Article 893.3?

As stated by the supreme court in *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16, "[t]he trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion." In this matter, the trial court sentenced the defendant to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence.

Because we find merit in the defendant's fifth assignment of error, we need not consider the remaining assignments that address the sentencing process. Instead, for the following reasons, we vacate the sentence imposed and remand the matter to the trial court for resentencing.

In reaching this disposition, we first note that La.R.S. 14:34 provides for a maximum incarceration sentence of ten years, but makes no mention of probation,

---

[1]We interpret this assignment of error to refer to La.Code Crim.P. art. 893.3 and not La.Code Crim.P. art. 893.1. The latter refers to the procedure by which the state must bring the enhancement issue to the trial court's attention while the former relates to the particulars of the sentence that may be imposed.

3

parole, or suspension restrictions. Thus, the sentence imposed exceeds the maximum incarceration sentence that may be imposed under that statute. However, sentences that may be imposed for felonies or certain enumerated misdemeanors wherein a firearm is used are also subject to the enhancement provisions of La.Code Crim.P. arts. 893.1-893.3. In the matter now before us, the trial court relied on the provisions of La.Code Crim.P. art. 893.3(D), (F), and (G) in sentencing the defendant. Louisiana Code of Criminal Procedure Article 893.3(D) provides:

> If the court finds by clear and convincing evidence that a firearm was actually used or discharged by the defendant during the commission of the felony for which he was convicted, and thereby caused bodily injury, the court shall impose a term of imprisonment of fifteen years; however, if the maximum sentence for the underlying felony is less than fifteen years, the court shall impose the maximum sentence.

Louisiana Code of Criminal Procedure Article 893.3(F) provides that a sentence imposed under La.Code Crim.P. art. 893.3(D) shall be without the benefit of suspension of sentence, and La.Code Crim.P. art. 893.3(G) provides that during service of the mandatory minimum sentence imposed under La.Code Crim.P. art. 893.3(D) a defendant shall not be eligible for parole. Thus, the trial court imposed the mandatory minimum sentence required by La.Code Crim.P. art. 893.3(D).[2] A mandatory minimum sentence is presumed to be constitutional. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672.

Notwithstanding the fact that the record establishes by clear and convincing evidence that the defendant discharged a firearm while committing the offense for which he was convicted and caused bodily injury to the victim, he asserts that the trial

---

[2]The trial court also stated that the sentence was not subject to probation. While La.Code Crim.P. art. 893.3 makes no mention of probation requirements as it applies to La.Code Crim.P. art. 893.3(D), because the ten-year sentence is a mandatory minimum, the trial court was precluded from considering probation.

court erred in concluding that it had no discretion in imposing any sentence other than that found in La.Code Crim.P. art. 893.3(D). Specifically, the defendant relies on the language of La.Code Crim.P. art. 893.3(H) which specifically provides that "[i]f the court finds that a sentence imposed under provisions of this Article would be excessive, the court shall state for the record the reasons for such finding and shall impose the most severe sentence which is not excessive." Thus, the trial court clearly has discretion to deviate from the sentencing requirements of La.Code Crim.P. art. 893.3(D).

In sentencing the defendant, the trial court first advised him of the provisions of La.Code Crim.P. art. 893.3(D), including specifically the mandatory ten-year sentence provision. Immediately thereafter, the trial court informed the defendant that while it was required to consider the sentencing guidelines found in La.Code Crim.P. art. 894.1, those guidelines were of little use in this matter because of the mandatory minimum sentence provision of La.Code Crim.P. art. 893.3(D). Then in sentencing the defendant the trial court stated the following:

> [T]here are rare circumstances where the Court can deviate from [the mandatory minimum sentencing requirements]. I would suggest that the one factor that is the most I guess difficult for the Court is your age. You've lived basically a crime-free life for 82 years and you have lived – not caused anyone any trouble. And this particular incident has caused a tremendous amount of problems and certainly it causes problems for the Court, and the Court *had* the discretion to sentence you, and I listened to the jurors who were in the back who also gave me some input on their feelings on this case also, the Court would go meticulously over 894.1 and there would be a sentence imposed that would be appropriate considering the offense as well as your history and that type of thing. However, the Court is bound by 893.3. 893.3 is pretty clear, that the Court is *required* to sentence you to the term of 10 years with the Department of Corrections, it's a mandatory sentence. And Judges around the state are – there are a lot of mandatory sentences in a lot of

5

different matters. The use of a firearm–the discharge of a firearm is what causes that sentence, and that will be the sentence of the Court.

(Emphasis added.)

We interpret the trial court's statements to mean that it found that its discretion under La.Code Crim.P. art 894.1, to consider the defendant's age and crime-free life in formulating an appropriate sentence, was precluded by the language of La.Code Crim.P. art. 893.3(D).

At the hearing on the defendant's motion to reconsider his sentence, the issue of discretion was addressed directly. In his argument to the trial court at the hearing on his motion to reconsider his sentence, the defendant relied primarily on this court's decision in *State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324, in which this court noted that a mandatory minimum sentence was constitutional and specifically addressed the application of La.Code Crim.P. art. 893.3(H) to such a sentence. Specifically, this court stated that in order to rebut the constitutional presumption of a mandatory minimum sentence, "the defendant must carry the burden to show that he is exceptional." *Id.* at 1177. This court went on to state:

> Specifically, the defendant must show that, due to unusual circumstances, he is "a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case." [*State v. Johnson*, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 676] (quoting *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95); 663 So.2d 525, 528, *writ denied*, 95-3010 (La.3/22/96); 669 So.2d 1223).

*Id.* at 1177.

After considering the argument of both the defendant and the state, the trial court recognized the specific authority granted under La.Code Crim.P. art. 893.3(H), as well as the application of the language cited above from *Prudhomme*, but

6

concluded that it did not have the "power" to consider health and age issues under La.Code Crim.P. art. 893.3(H). Specifically, the trial court interpreted the phrase "circumstances of the case" to apply only to the facts which were presented at trial and concluded that it could not be extended to consideration of the defendant's mitigating factors of age, crime-free life, and health. Thus, the trial court denied the motion to reconsider. We find the trial court's interpretation to be in error, the effect of which was to deny the defendant any consideration of the discretion provided the trial court in La.Code Crim.P. art. 893.1(H). That is to say, the trial court's erroneous legal conclusion that it had no discretion constituted an abuse of discretion.

Our determination in this regard is further supported by the fact that the trial court, in reaching the conclusion that it could not consider the defendant's mitigating factors, also concluded that were it able to do so, those same factors "would be factors that would allow the Court to deviate from the ten-year sentence," and that the trial court "certainly . . . would consider those factors in the sentencing" if it had discretion to do so. Thus, the trial court clearly suggested that but for the language of La.Code Crim.P. art. 893.3(D) and its interpretation of "circumstances of the case," it may well have sentenced the defendant to a lesser sentence.

We further note that this court recognized in *Prudhomme* that the trial court had clearly considered whether the mandatory minimum sentence applicable therein was excessive, and in doing so, "assess[ed] the circumstances of the case before imposing the sentence." *Prudhomme*, 829 So.2d at 1178. During the sentencing proceedings in *Prudhomme*, the trial court considered letters submitted on behalf of the defendant and recognized the first felony offender status of the defendant—clearly facts that were not necessarily presented at trial. Additionally,

7

this court stated that "[w]hen imposing a sentence that is suited to a defendant, the trial court is required to look to the circumstances of the case *and the defendant's background.*" *Id* at 1178 (emphasis added).

In vacating the sentence and remanding this matter for resentencing, this court does not instruct the trial court to sentence the defendant to a lesser sentence. Rather, this court instructs the trial court to, within its discretion, make a determination whether the mandatory minimum sentence required by La.Code Crim.P. art. 893.3(D) is excessive. If the trial court determines that the mandatory minimum sentence is not excessive given the circumstances of this case, it is to impose that sentence. If the trial court determines that the sentence is excessive, the trial court is instructed to state for the record the reasons it finds the sentence to be excessive and to sentence the defendant to "the most severe sentence which is not excessive" in accordance with the provisions of La.Code Crim.P. art. 893.3(H).

## DISPOSITION

We affirm the defendant's conviction in all respects. We vacate the defendant's sentence and remand the matter for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED, AND THE MATTER REMANDED FOR RESENTENCING.**

8