**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**10-487**

**STATE OF LOUISIANA**

**VERSUS**

**FRED BALLARD**

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 151888
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED AS AMENDED**
**AND REMANDED WITH INSTRUCTIONS.**

**Norris J. Greenhouse, Assistant District Attorney**
**Twelfth Judicial District**
**P.O. Box 444**
**Marksville, LA 71351**
**Counsel for Appellee:**
    **State of Louisiana**

**W. Jarred Franklin, Attorney at Law**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**Counsel for Defendant-Appellant:**
    **Fred Ballard**

**PAINTER, Judge.**

Defendant, Fred Ballard, appeals his conviction and sentence for distribution of cocaine, a violation of La.R.S. 40:967(A)(1). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant sold a white substance, later identified as cocaine, to an undercover narcotics agent for $40.00.

On February 3, 2009, Defendant was charged with distribution of cocaine, a violation of La.R.S. 40:967(A)(1). A jury trial was held, and Defendant was found guilty as charged. Defendant filed a "Motion for Post-Verdict Judgment of Acquittal and Alternatively Motion for New Trial," which was denied on July 21, 2009.

The State filed a habitual offender bill charging Defendant as a fourth and subsequent offender. A habitual offender hearing was held, and the trial court found Defendant to be a fourth offender. On November 17, 2009, a sentencing hearing was held, and Defendant was sentenced to thirty years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant filed a "Motion to Reconsider Sentence." A hearing was held on January 19, 2010, at which the trial court denied the motion.

Defendant then filed an appeal seeking review of his conviction, which we affirmed in *State v. Ballard*, 10-487 (La.App. 3 Cir. ___/___/___), ___ So.3d ___.

Defendant appeals his sentence alleging only one assignment of error, that the sentence is excessive. For the following reasons, we amend Defendant's sentence to provide that only the first two years be served without benefit of parole. As amended, Defendant's sentence is affirmed.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are two errors patent.

1

Section G of La.R.S. 15:529.1, the habitual offender statute, requires all enhanced sentences to be imposed without benefit of probation or suspension of sentence; it does not authorize the trial court to impose enhanced sentences without the benefit of parole. The restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 are those called for in the referenced statute. *See State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519, and *State v. Dossman*, 06-449, 06-450 (La.App. 3 Cir. 9/27/06), 940 So.2d 876, *writ denied*, 06-2683 (La. 6/1/07), 957 So.2d 174. Louisiana Revised Statutes 40:967 (B)(4)(b) provides only the first two years of a sentence imposed for distribution of cocaine to be served without the benefit of parole.

After finding Defendant to be a fourth felony offender, the trial court sentenced him to thirty years at hard labor and stated: "I have to note to you that this sentence is without the benefit of probation, parole, or suspension of sentence." The court minutes do not reflect any reference by the trial court to the sentence being served without the benefit of probation, parole, or suspension of sentence. In his written reasons the trial court wrote: "Pursuant to the law, this sentence is imposed without the benefit of probation or suspension of sentence."

In *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/10), 797 So.2d 62, this court explained that "it is well settled that when the minutes and the transcript conflict, the transcript prevails. *See State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95); 664 So.2d 624."

Additionally, in *State v. Thibodeaux,* 05-680 (La.App. 3 Cir. 12/30/05), 918 So.2d 1093, the defendant was convicted of armed robbery and sentenced to thirty years at hard labor. The statute required the sentence be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:64. When the trial court sentenced Thibodeaux to thirty years at hard labor, the court failed to state that the sentence would be served without benefit of probation, parole, or suspension of sentence. However, at the conclusion of the sentencing hearing, the trial court stated:

You will be eligible for parole in the old case at half. You will not be eligible for parole in this case until eighty-five percent. That, I know. And that is one of the reasons why it is only thirty. Because at least you will be required to served [sic] eighty-five percent of the time that you have in this sentence.

*Id.* at 1094.

On error patent review, this court held, in pertinent part:

When the trial court is silent as to the required term of parole ineligibility, La.R.S. 15:301.1 obviates the need to correct a sentence. See *State v. Rivers*, 01-1251 (La.App. 5 Cir. 4/10/02), 817 So.2d 216, *writ denied*, 02-1156 (La.11/22/02), 829 So.2d 1035. However, in this case, the trial court was not silent and advised the Defendant incorrectly. In such cases, an appellate court is bound to correct the sentence rather than rely on La.R.S. 15:301.1(A). *See State v. Sanders*, 04-0017 (La.5/14/04), 876 So.2d 42, where the supreme court held when a trial court imposes benefit restrictions beyond that authorized by statute, an appellate court should correct a sentence rather than rely on La.R.S. 15:301.1(A). Therefore, we hereby correct Thibodeaux's sentence to reflect his term of imprisonment shall be served without benefit of probation, parole, or suspension of sentence in accordance with the statute.

*Id*. at 1094-95.

At the sentencing hearing, the trial court's statement regarding parole eligibility was incorrect; thus, this court finds that, since the denial of parole eligibility does not involve the trial court's discretion, the sentence should be corrected by amending the sentence to reflect that the first two years of Defendant's term of imprisonment shall be served without the benefit of parole. The trial court is hereby instructed to note the amendment in the court minutes. *See State v. Buckley,* 02-1288 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193.

Next, the trial court failed to properly advise Defendant of the prescriptive period for filing an application for post-conviction relief. *See* La.Code Crim.P. art. 930.8. At the sentencing hearing, the trial court stated: "You do have your right to appeal five days. Two days to apply for Post Conviction Relief."

Louisiana Code of Criminal Procedure Article 914 provides:

A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.

B. The motion for an appeal must be made no later than:

3

> (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
>
> (2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

Additionally, La.Code Crim.P. art. 930.8 provides that the defendant has two years after the conviction and sentence become final to seek post-conviction relief. Consequently, the trial court is hereby instructed to inform Defendant of the provisions of La.Code Crim.P. arts. 914 and 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

*Excessive Sentence Claim*

Defendant asserts that his sentence is excessive. Defendant acknowledges that he received the minimum sentence for a fourth felony offender convicted of distribution of crack cocaine under La.R.S. 15:529.1; however, he argues that the thirty years for selling two rocks of crack cocaine for $40.00 is cruel and unusual punishment. Defendant prays that his sentence be vacated and remanded for imposition of a lesser sentence.

Defendant filed a Motion to Reconsider Sentence asserting that his sentence was excessive. At the hearing on the motion, Defendant argued that the sentence was punitive and excessive in light of him having young children and being employed.

The penalty for a conviction of distribution of cocaine is a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence, and in addition, the offender may be sentenced to pay a fine of not more than fifty thousand dollars. La.R.S. 40:967(B)(4)(b). The minimum mandatory sentence required by La.R.S. 15:529.1, as a fourth felony offender, in this particular case, is for a "determinate term not less than the longest prescribed for the first conviction and not more than his natural life." Consequently, the minimum

4

mandatory sentence was thirty years at hard labor and this is the sentence that was imposed by the trial court.

In *State v. Tassin*, 08-752 (La.App. 3 Cir. 11/5/08), 998 So.2d 278, *writ denied*, 08-2909 (La. 9/18/09), the defendant was adjudicated a fourth felony offender and sentenced to twenty years. On appeal, the defendant contended the trial court erred in not deviating below the statutorily mandated minimum sentence set forth in the habitual offender law. The defendant argued that the sentence imposed was nothing more than cruel and unusual punishment and served no useful purpose. This court affirmed the defendant's sentence holding in pertinent part:

> In *State v. Smith*, 07-468, p. 10 (La.App. 3 Cir. 10/31/07), 969 So.2d 694, 701, *writ denied*, 07-2484 (La.5/16/08), 980 So.2d 707 (alteration in original), this court discussed departure from mandatory penalties as follows:
>
> > [A] court may depart from mandatory penalties provided by the legislature for an offense upon a showing by the defendant that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances." *State v. Johnson*, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677 (internal quotation marks and citation omitted); *see also State v. Dorthey*, 623 So.2d 1276, 1280-81 (La.1993) (holding that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime").
> >
> > *State v. Lemons*, 06-1051, p. 1 (La.11/17/06), 942 So.2d 33, 33-34.
>
> "A mandatory minimum sentence is presumed to be constitutional. *State v. Johnson*, 97-1906 (La.3/4/98), 709 So.2d 672." *State v. Rogers*, 07-427, p. 4 (La.App. 3 Cir. 10/31/07), 969 So.2d 707, 710.

*Id*. at 294.

At the hearing on the Motion to Reconsider Sentence, the trial court addressed Defendant's request for a departure from the mandatary minimum sentencing, stating that:

O.K. Yeah, if you read them too and I had detailed this, I believe in writing so it should be in the record. And I studied this and if you'll look at it in detail I actually gave you as lenient as I could. And what the statue says and you have to read both statutes. You have to read the habitual offender law which is at Title 15:529.1 and then you go back and read the charge that you were convicted of, the last one, which is how you have to gauze [sic] it because you are a fourth offender. Now your sentencing it says go back but at no less give him shorter than the longest term he could have gotten as a first offender. And as a first offender, the longest term was thirty years. And that's how I came to that number.

So I actually in following the law, was a lenient as I could be. I actually and nobody ever talks about that, it doesn't seem like it in your case, but and I tell people all the time your record follows you, it's like a tail it's attached to you. And it caught up with you here and I actually showed you mercy, although nobody will ever want to say that or admit to it, but I gave you the least day[s] that I could, down to the day, I gave you the least amount of everything that I could. And it's almost like math in this case, it was some certain, you were convicted, you were then brought as an habitual offender, I didn't convict you, I didn't sit on the jury, I gave you a fair trial, I looked at those jurors and I told them that man is innocent in the eyes of the law until or until the State proves beyond a reasonable doubt, I told them every word, told them that. And I didn't sit on that jury[,] and I showed a lot of mercy because if you read these laws in conjunction with one another, Title 40:967 and that other habitual offender law, as I've indicated, I gave you the least amount that I could and I showed you mercy and as I do every day, countless hundreds of times every day, with bond settings but you know it doesn't appear that way to you but it's your record that chased you down and got you on that day, it doesn't matter who the judge would have been, another judge could have only given you more time, not less.

I hope that explains it to you. For those reasons, I'll deny the motion, good luck to you.

We find that Defendant failed to present any evidence that he was exceptional and deserved a downward departure from the mandatory minimum sentence pronounced by La.R.S. 15:529.1. Accordingly, this assignment of error lacks merit.

**DECREE**

For all of the foregoing reasons, Defendant's conviction is affirmed. Defendant's thirty-year sentence is amended to provide that only the first two years are to be served without the benefit of parole. The trial court is instructed to note the amendment in the court minutes. Additionally, the trial court is instructed to inform Defendant of the provisions of La.Code Crim.P. arts. 914 and 930.8 by sending appropriate written notice to Defendant within ten days of this opinion and to file

6

written proof in the record that Defendant received said notice. Accordingly, Defendant's sentence is affirmed as amended.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.